IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-64,325-03 AND WR-64,325-04






EX PARTE RICHARD RAY MILES, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W94-54687-S(B) AND W94-54688-S(B) IN THE 282ND DISTRICT
COURT FROM DALLAS COUNTY





 Per curiam. Price, J., not participating

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
attempted murder and sentenced to 40 years' imprisonment and 20 years' imprisonment,
respectively. The Fifth Court of Appeals affirmed his convictions. See Miles v. State, Nos. 05-95-01281-CR and 05-95-01280-CR, (Tex. App.-- Dallas 1997, no pet.) (not designated for publication). 
This Court denied habeas relief without written order on the findings of the trial court without a
hearing. See Ex parte Miles, WR-64,325-01 and WR-64,325-02, (Tex. Crim. App. April 4, 2007). 

 This is the Court's second remand order concerning the current applications for writs of
habeas corpus. In these subsequent applications, Applicant raises a Brady violation, a claim that the
gunshot residue analysis presented at trial is now scientifically unreliable pursuant to current testing
standards, and a claim of actual innocence as his claims for relief. In its initial response, the State
conceded that it failed to disclose police reports which contained exculpatory evidence prior to trial
as required under Brady v. Maryland, 373 U.S. 83 (1963). The State's response indicates that it is
currently investigating the merits of Applicant's claim concerning the gunshot residue analysis and
his actual innocence claim and that more evidence may be forthcoming. The State urged the Court
to grant relief based on Applicant's Brady claim. 

 The trial court adopted the parties' stipulated findings of fact and conclusions of law
recommending that relief be granted. However, fact issues remain as to whether Applicant has met
one of the exceptions to Article 11.07, Section 4. Tex. Code Crim. Proc. art. 11.07, § 4(a)(c). In
his prior applications, Applicant alleged, inter alia, that the State violated Brady when it failed to
disclose police reports which contained exculpatory information to the defense prior to trial. Based
on an affidavit filed by the Assistant District Attorney who prosecuted the case, and the court's own
review of the record, the trial court entered findings of fact and conclusion of law recommending that
relief be denied. This Court agreed, and denied habeas relief on the basis of the trial court's findings
of fact. The record does not indicate whether Applicant's current Brady claim concerns the State's
failure to disclose the same police reports contemplated in Applicant's previous Brady claim which
was litigated in his prior applications. Further, the record does not show whether Applicant could
have discovered the police reports before he filed his prior applications if he had exercised due
diligence. 

 Pursuant to this Court's prior remand order, the trial court was directed to resolve the 
remaining fact issues and to enter findings of fact and conclusions of law as to the applicability of
Texas Code of Criminal Procedure Article 11.07, Section 4. However, the trial court made no such
findings. Therefore, we return this record to the trial court and order the court to enter findings of
fact and conclusions of law regarding whether or not the offense reports contemplated in Applicant's
initial applications are the same offense reports contemplated the current, subsequent applications
for writs of habeas corpus. Likewise, the trial court is ordered to enter findings of fact and
conclusions of law as to whether Applicant has met an exception to the procedural bar found in
Texas Code of Criminal Procedure Article 11.07, Section 4. 

 Turning to Applicant's claim that the testimony presented at trial concerning gunshot residue
analysis is scientifically unreliable pursuant to current testing standards, Applicant contends
specifically that the antimony level found on Applicant's right palm is inadequate to support a
conclusion that Applicant fired a gun. The trial court is ordered to enter findings of fact and
conclusions of law as to the merits of Applicant's claim. The trial court shall also enter findings of
fact and conclusions of law as to whether Applicant has met an exception to the procedural bar found
in Texas Code of Criminal Procedure Article 11.07, Section 4 with respect to this claim. 

 As to Applicant's actual innocence claim, the record contains an affidavit from Marcus
Thurman, an eyewitness who testified at trial that he saw Applicant shoot the victim in this case. 
In his affidavit, Thurman contends that at the time of trial, he was unable to identify the shooter in
this case and when he told the prosecutor of this fact, the prosecutor directed him to identify
Applicant by showing Thurman where Applicant would be seated in the courtroom. Applicant offers
this affidavit as newly discovered evidence which he claims establishes his actual innocence.


 The trial court shall enter findings of fact and conclusions of law as to whether or not the
affidavit of Marcus Thurman is credible and whether or not Applicant has shown "by clear and
convincing evidence that, despite the evidence of guilt that supports the conviction, no reasonable
juror could have found the applicant guilty in light of the new evidence." Ex parte Brown, 205
S.W.3d 538, 545 (Tex. Crim. App. 2006). The trial court shall also enter findings of fact and
conclusions of law as to whether Applicant has met an exception to the procedural bar found in
Texas Code of Criminal Procedure Article 11.07, Section 4 with respect to this claim. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court
may rely on its personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The supplement shall also include
copies of all documents which the trial court relied upon in making its findings of fact and
conclusions of law. Any extensions of time shall be obtained from this Court. 



Filed: May 5, 2010

Do not publish